UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. 1:19-cv-810 (LEK/DJS) |
| Plaintiff, | |
| v. | COMPLAINT |
| BIRCHEZ ASSOCIATES, LLC, and RONDOUT PROPERTIES MANAGEMENT, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

---

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a group of female employees who were adversely affected by such practices ("Aggrieved Individuals"). As alleged with greater particularity below, Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC"), alleges that Defendants Birchez Associates, LLC and Rondout Properties Management, LLC have discriminated against the Aggrieved Individuals by subjecting them to harassment because of their sex, including offensive sexual remarks and slurs, unwelcome physical contact, and other offensive conduct.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At relevant times, Defendant Birchez Associates, LLC, a New York limited liability company, has continuously been doing business in the State of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Birchez Associates, LLC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At relevant times, Defendant Rondout Properties Management, LLC, a New York limited liability company, has continuously been doing business in the State of New York, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Rondout Properties Management, LLC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. Defendants operate as an integrated enterprise or single employer by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations. For example:

    (a) Steven Aaron is the founder and Managing Member of Defendant Birchez

Associates, LLC. Stephen Fell is the Chief Financial Officer of Defendant Birchez Associates, LLC.

(b) Aaron and Fell also manage Rondout Properties Management, LLC.

(c) In addition to his ownership stake in Defendant Birchez Associates, LLC, Aaron also owns Rondout Properties Management, LLC.

(d) Rondout Properties Management, LLC manages the buildings that Birchez Associates, LLC builds and owns.

(e) Defendants Birchez Associates, LLC and Rondout Properties Management, LLC share office space and office supplies, as well as employees in accounting and human resources functions.

(f) Aaron and Fell are in charge of hiring and determining compensation for employees at both Defendants Birchez Associates, LLC and Rondout Properties Management, LLC.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, the charges were filed with the Commission (EEOC Charge Nos. 520-2019-02014, 520-2019-02029, and 520-2019-02081), each alleging violations of Title VII by one or both of Defendants.

10. On June 14, 2019, the Commission issued to Defendants Letters of Determination finding reasonable cause to believe that Defendants violated Title VII.

11. The Commission invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission engaged in communication with Defendants to provide

Defendants the opportunity to remedy the discriminatory practices described in the Letters of Determination.

13. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

14. On June 26, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16. Since at least April 2018, Defendants have engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 by subjecting a group of female employees, the Aggrieved Individuals, to a hostile work environment because of their sex.  These unlawful employment practices include, but are not limited to the following:

   (a) Steven Aaron is the top management official of each Defendant and exercises wide authority authority over the operations of each Defendant, including the authority to hire and fire employees of each Defendant.

   (b) Aaron has frequently directed unwelcome conduct of a sexual nature at female employees.  This has included frequent and crude remarks about his sexual interests, such as: that his "dick may not always work but my tongue will"; and that he "knows how to satisfy a woman" and "likes the way they [women] taste."

   (c) Aaron has also regularly made unwelcome and sexualized comments about female employees' bodies and treated female employees as objects for his sexual gratification in the workplace.  For example, he told one

4

        female employee that her body was curvy and reminded him of his wife's body. He told another female employee that he admired her breasts. When another female employee bent over on one occasion, he remarked that "he felt like a kid in a candy store."

(d)     Aaron has also regularly subjected female employees to offensive nonverbal conduct of a sexual nature. For example, he has repeatedly put his hand down his pants and touched his genitals while speaking to female employees, and he has subjected a female employee to pornography on his cell phone on multiple occasions.

(e)     Aaron has routinely treated female employees in a hostile, abusive, and demeaning manner in other ways, as well. For example, Aaron frequently loses his temper at his female employees and calls them "cunts." He frequently yells at female employees and has, on occasion, thrown objects at them when he is angry.

(f)     Many of Defendants' female employees complained about Aaron's behavior to him and to Fell. However, Aaron did not moderate his behavior in response to these complaints, and Defendants did not otherwise take any reasonable steps to stop or prevent the harassment.

(g)     Aggrieved Individuals, including but not limited to Carol Fetbroth, Christine Phillips, and Michelle Amato, were subjected to some or all of the conduct described above on a daily or near-daily basis during their employment at one or both of Defendants.

17.     Since at least April 2018, Defendants have engaged in unlawful employment

practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 by constructively discharging a group of female employees, the Aggrieved Individuals, because of their sex. These unlawful employment practices include, but are not limited to the following:

  (a) Fetbroth was hired to work for both Defendants as a bookkeeper on November 14, 2018. The harassment described above was so intolerable that it compelled Fetbroth to resign on or about December 14, 2018.

  (b) Phillips was hired to work for both Defendants as a bookkeeper on November 26, 2018. The harassment described above was so intolerable that it compelled Phillips to resign on or about December 14, 2018.

  (c) Michelle Amato was hired to work for both Defendants in their Accounting Department on November 26, 2018. The harassment described above was so intolerable that it compelled Amato to resign on or about January 18, 2019.

18. The unlawful employment practices complained of above were and are intentional.

19. The unlawful employment practices complained of above have been done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination or harassment on the basis of sex.

B.	Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of their past and present unlawful employment practices.

C.	Order Defendants to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.	Order Defendants to make whole the Aggrieved Individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.	Order Defendants to pay the Aggrieved Individuals punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.	Order Defendants to make Aggrieved Individuals whole by providing reinstatement, appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices complained of above.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: July 9, 2019

New York, New York

      s/Justin Mulaire
JUSTIN MULAIRE
Supervisory Trial Attorney

SEBASTIAN RICCARDI
Trial Attorney
(Admission application pending)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3698
Facsimile: (212) 336-3623