**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                    Plaintiff,

        v.                                            1:19-CV-810
                                                        (LEK/DJS)


BIRCHEZ ASSOCIATES, LLC and
ROUNDOUT PROPERTIES
MANAGEMENT, LLC

                    Defendants.

_____

**APPEARANCES:**                          **OF COUNSEL:**

U.S. EQUAL EMPLOYMENT               JUSTIN MULAIRE, ESQ.
OPPORTUNITY COMMISSION            SEBASTIAN RICCARDI, ESQ.
Attorney for Plaintiff
33 Whitehall Street
5th Floor
New York, New York 10004-2112


U.S. EQUAL EMPLOYMENT               KATIE NICOLE LINEHAN, ESQ.
OPPORTUNITY COMMISSION
Attorney for Plaintiff
John F. Kennedy Federal Building
Government Center
Room 475
Boston, Massachusetts 02203-0506


JACKON LEWIS P.C.                          DIANE WINDHOLZ, ESQ.
Attorney for Defendant
666 Third Avenue
New York, New York 10017


**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION and ORDER**

Plaintiff commenced this action on July 9, 2019 alleging that Defendants had violated Title VII by engaging in unlawful employment practices. Dkt. No. 1. On August 16, 2019, Defendants filed a Motion to Stay Proceedings. Dkt. No. 12. Plaintiff opposes the Motion. Dkt. Nos. 15 & 16. Defendants' Motion seeks a stay in proceedings "pending resolution of Charging Parties' claims through conciliation." Dkt. No. 12, Defs.' Mem. of Law at p. 7. They claim the stay is appropriate because Plaintiff "failed to meet the statutory requirements of conciliation as a prerequisite to bringing suit." *Id.* at p. 1. For the reasons that follow, the Motion is denied.

Title VII "imposes a duty on the EEOC to attempt conciliation of a discrimination charge prior to filing a lawsuit." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 486 (2015). In particular, the statute provides that the EEOC "shall endeavor to eliminate any alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). Defendants maintain that the EEOC failed to comply with this requirement and that a stay is warranted to permit that conciliation process to now take place. Defs.' Mem. of Law at pp. 3-7.

This Court has significant discretion in determining whether to impose a stay. *See*, *e.g.*, *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 71 (S.D.N.Y. 2015). On this record, however, Defendants have not established a basis for a stay. While "this Court may review whether the EEOC satisfied its pre-suit statutory obligation to attempt conciliation . . . the scope of review is 'narrow.'" *Equal Emp't Opportunity Comm'n v.*

*Atl. Capes Fisheries, Inc.*, 284 F. Supp. 3d 133, 134 (D. Mass. 2018) (quoting *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. at 495). To satisfy the prerequisite, the EEOC must do two things: 1) give the employer notice of the specific allegations being made against it, and 2) "try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. at 494. "Judicial review of those requirements (and nothing else) ensures that the Commission complies with the statute." *Id.* Having conducted what, the Supreme Court itself calls a "relatively barebones review," *id.*, this Court concludes that a stay is not warranted.

Plaintiff offers a sworn Declaration attesting to its compliance with both the notice of charges requirement and the attempt to conciliate requirement. *See generally* Dkt. No. 16, Berry Decl. In *Mach Mining*, the Court stated that such an affidavit would "usually suffice to show that [the EEOC] has met the conciliation requirement." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. at 494. The Berry Declaration sets forth the steps required of the EEOC under *Mach Mining*. The Letters of Determination, including conciliation proposals, were issued June 14, 2019. Berry Decl. at ¶ 15 & Ex. F.[1] The EEOC then notified Defendants of the failure of conciliation on June 26, 2019. *Id.* at Ex. G.

---

[1] The proposed conciliation offers were not included with the Berry Declaration. This is consistent with caselaw holding that the details of conciliation offers "are . . . irrelevant to the scope of [a] Court's review under *Mach Mining*." *U.S. Equal Emp't Opportunity Comm'n v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 522 (D. Md. 2016) (striking from the record material revealing the substance of conciliation proposals); *see also Equal Emp't Opportunity Comm'n v. CRST Int'l, Inc.*, 351 F. Supp. 3d 1163, 1179 (N.D. Iowa 2018)(same).

Defendants object that Plaintiff failed to satisfy the statutory conciliation requirement for several reasons. Given the limited scope of review available to the Court, however, none is a basis for staying this action. Defendants, for example, object that they were given only a matter of days in which to respond to the conciliation offer. Defs.' Mem. of Law at pp. 5-6. Defendants also object that Plaintiff "failed to engage in any meaningful dialogue with Defendants and unilaterally elected to end the conciliatory process." Defs.' Mem. of Law at p. 6. While the facts here are somewhat unsettling to the extent that Defendants do appear to have been given at most only a few days to respond, *see* Berry Decl. at Ex. F & G, *Mach Mining* made clear that under "the expansive discretion Title VII gives" it is for the EEOC "to decide how to conduct conciliation efforts and *when to end them*." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. at 494 (emphasis added); *see also id.* at 492 ("the EEOC need only 'endeavor' to conciliate a claim, without having to devote a set amount of time or resources to that project"). That decision "prohibits a court from doing 'a deep dive into the conciliation process'" including to examine whether the EEOC acted in good faith. *Equal Emp't Opportunity Comm'n v. E. Columbus Host, LLC*, 2016 WL 4594727, at *11 (S.D. Ohio Sept. 2, 2016) (quoting *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. at 490); *see also Equal Emp't Opportunity Comm'n v. W. Distrib. Co.*, 218 F. Supp.3d 1231, 1237 (D. Colo. 2016).

Defendants' brief cites a number of cases predating *Mach Mining* in an effort to establish certain "good faith" obligations of Plaintiff prior to ending conciliation efforts.

4

Defs.' Mem. of Law at p. 5.  Those cases offer little support to Defendants in the wake

of the Supreme Court's decision.  That decision made clear that the EEOC's efforts to

conciliate

> need not involve any specific steps or measures; rather, the Commission may
> use in each case whatever informal means of conference, conciliation, and
> persuasion it deems appropriate.  And the EEOC alone decides whether in
> the end to make an agreement or resort to litigation: The Commission may
> sue whenever unable to secure terms acceptable to the Commission.

*Mach Mining, LLC v. E.E.O.C.*, 575 U.S. at 492 (internal quotations and citations

omitted).  Defendants' cases, injecting an obligation that the EEOC respond in "a

reasonable and flexible manner" to the employer, Defs.' Mem. of Law at p. 5, do not

survive *Mach Mining*'s holding.  *Equal Emp't Opportunity Comm'n v. Lawler Foods,*

*Inc.*, 2015 WL 8457816, at *3 (S.D. Tex. Dec. 4, 2015) ("*Mach Mining* simply leaves

no room for judicial review of the reasonableness and flexibility of the EEOC's

conciliatory communications.")

Defendants also object to what they characterize as the "take-it-or-leave-it

approach to conciliation."  Defs.' Mem of Law at pp. 3-4.  This is also no basis for a

stay.  "*Mach Mining* holds that [a court] cannot impose additional procedural

requirements on the EEOC beyond engaging in some form of discussion, even if it is

simply the extension of a take-it-or-leave-it offer."  *Equal Emp't Opportunity Comm'n*

*v. Amsted Rail Co.*, 169 F. Supp. 3d 877, 886 (S.D. Ill. 2016).

One procedural issue warrants comment although not specifically raised by

Defendants as an independent basis for a stay.  It appears that Defendants' corporate

counsel did not personally receive any communication from the EEOC during the conciliation period. Dkt. No. 14, Friedrich Decl. at ¶¶ 1 & 3. Mr. Friedrich's Declaration, however, does not affirm that he ever made the EEOC aware of his representation. *See generally* Friedrich Decl. Counsel for Defendants points to the fact that their former counsel advised EEOC to contact Mr. Friedrich, Dkt. No. 13, Windholz Decl. at ¶ 10 & Ex. F, but consistent with EEOC policy, Plaintiff requires a written statement of representation prior to communicating with counsel in order to comply with regulatory confidentiality requirements. Pl.'s Mem. of Law at p. 8; 29 C.F.R. § 1601.22. Absent evidence that Mr. Friedrich had provided any such written statement of representation, the Court finds no basis for imposing a stay.

Accordingly, it is

**ORDERED**, that Defendants' Motion to Stay Proceedings (Dkt. No. 12) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 18, 2020
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge