IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiffs<br><br>– against –<br><br>BIRCHEZ ASSOCIATES, LLC, and PROPERTIES MANAGEMENT, LLC,<br><br>Defendants | Case No.: 1:19-cv-810 (LEK/DJS) |

## PETITION TO INTERVENE

NOW COME the Petitioners, CAROLE FETBROTH, MICHELLE AMATO, CHRISTINE PHILLIPS, CHRISTINE UNGARO and EVELYN MOWER, by and through their counsel, FOLEY & ASSOCIATES, P.C., and ELLIOTT, STERN & CALABRESE, LLP; and in support of their petition to intervene in the instant matter as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) and permissively pursuant to F.R.C.P. 24(b)(1)(B), states as follows:

## FACTS

Each of the five (5) petitioners were employees of the defendant company listed herein, the additional defendant companies listed in their individual complaints and the owner, president and/or principal Steven Aaron. As described in their individual complaints, each of the petitioners experienced different forms of improper/illegal discriminatory behavior, harassment on the basis of gender, hostile work environment and subsequent retaliation after complaining of such behavior. Carole Fetbroth was employed from November 16, 2018 through December 14, 2018 (See Exhibit "A"); Michelle Amato was employed from November 26, 2018 through January 18, 2019 (See

Exhibit "B"), Christine Phillips was employed from November 26, 2018 through December 17, 2018 (See Exhibit "C"), Christine Ungaro was employed from February 4, 2019 through April 22, 2019 (See Exhibit "D") and Evelyn Mower was employed from May 13, 2019 through May 31, 2019 (See Exhibit "E").

All five of the individual plaintiff's were employed by Steve Aaron and the companies listed in the caption herein. As described in more detail in their individual complaints, each of the plaintiffs were subjected to sexual discrimination, a hostile work environment, harassment and disparate treatment on the basis of the gender and various acts of retaliation. Each of the plaintiffs filed timely complaints with the Equal Employment Opportunity Commission ("EEOC") which resulted in the EEOC commencing the instant action against the defendants identified in this action.

The instant action was commenced on or about July 9, 2019 as an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a group of female employees who were adversely affected by such practices ("Aggrieved Individuals"). (See Exhibit "F"). Shortly thereafter the defendants filed a motion seeking a stay of the action which was determined some months later. It is our understanding that the parties have engaged in some basic discovery/exchange of documents but that discovery has progressed slowly and to date there seems to be a necessity of the exchange of considerable amount of documents before scheduling of depositions may even be contemplated.

As depicted in the EEOC complaint, the instant action does not account for the various and several state court claims of the individual Plaintiffs' and as such the overall redress and consideration of their claims in totality are not included in the immediate litigation, and without this application may result in significant injustice that the claims and contention of the plaintiffs will not be adequately addressed and compensated for.

.

## **LEGAL STANDARD**

**Part I**

The right of movants to intervene under Rule 24(a)(1) generally depends on whether they are "persons aggrieved" as that term is used in the above-quoted statutory language. Generally, in order to qualify as a "person aggrieved" within the meaning of the intervention provision contained in 42 U.S.C. s 2000e-5(f)(1), one must at least have an interest in the litigation sufficient to establish standing under article III of the United States Constitution. See <u>EEOC v. American Telegraph & Telephone Co.</u>, 506 F.2d 735, 740 (3d Cir. 1974); cf. <u>Senter v. General Motors Corp.</u>, 532 F.2d 511, 516-17 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); <u>Hackett v. McGuire Brothers, Inc.</u>, 445 F.2d 442, 446 (3d Cir. 1971) (both applying article III standing analysis to determine whether plaintiff was a "person aggrieved" entitled to commence a private Title VII action under 42 U.S.C. s 2000e-5(f)(1)). In addition, intervention in an EEOC-filed civil action pursuant to 42 U.S.C. s 2000e-5(f)(1) may be limited to the person or persons who actually filed the charge that prompted the EEOC to commence the action, which necessarily applies to all of the parties herein who are seeking to intervene in the above litigation.

Although this is not codified by statute, there are some decisions that support such a contention as a prerequisite. See <u>Spirt v. Teachers Insurance and Annuity Association</u>, 93 F.R.D. 627 (SD NY, 1982). This is strongly supported by the structure of 42 U.S.C. s 2000e-5(f)(1) as a whole. Elsewhere in that section, the EEOC is required, in the event it dismisses a charge, or in the event a charge does not lead to the EEOC's commencement of a civil action within 180 days after its filing, to notify "the person aggrieved" of this fact. Upon receipt of such a notice, commonly known as "right-to-sue" letter, "the person claiming to be aggrieved" may bring a civil action against the respondent named in the charge. It seems plain from the face of the statute that the person whom the Commission is required to notify, and who thereby gains the right to sue, is the person who

filed the charge – not every person who might have had constitutional standing to file a similar charge or to commence a similar civil action. If, as the wording of the statute indicates, the term "person aggrieved," when used in the context of an EEOC decision to dismiss or to decline to act on a charge, means the person who filed the charge, logic dictates that Congress must have intended to give "person aggrieved" the same meaning when it used this term in the context of an EEOC decision to commence a civil action on the basis of a charge. In other words, if Congress intended for the person who filed the charge ("the person aggrieved") to be the only person statutorily entitled to notice and consequently to file suit in the event the EEOC dismissed or declined to act on the charge, Congress must also have intended for the person who filed the charge ("the person aggrieved") to be the only person statutorily entitled to intervene in the event the EEOC determined to commence a civil action based on the charge. See <u>Spirt v. Teachers Insurance and Annuity Association</u>, 93 F.R.D. 627 (SD NY, 1982).

In <u>Spirt</u>, it was stated that in the Court's view the statutory language strongly indicated that Congress, in drafting the intervention provision contained in 42 U.S.C. s 2000e-5(f)(1), must have used the term "person aggrieved" to refer to a person who filed a charge with the EEOC is fully supported by the legislative history of that section. The wording of 42 U.S.C. s 2000e-5(f)(1) was agreed upon at a House-Senate conference on the bills that ultimately were enacted as the Equal Employment Opportunity Act of 1972, Pub.L.No. 92-261, 86 Stat. 103 (1972). The conference report explained the section as follows:

"The conferees adopted a provision allowing the Commission, or the Attorney General in a case against a state or local government agency, to bring an action in Federal district courts if the Commission is unable to secure from the respondent "a conciliation agreement acceptable to the Commission." Aggrieved parties are permitted to intervene. They may bring a private action if the Commission or Attorney General has not brought suit within 180 days or the Commission has entered into a conciliation agreement to which such aggrieved party is not a signatory. The Commission, or the Attorney General in a case involving state and local governments, may

intervene in such private action. See H.R.Conf.Rep. No. 899, 92d Cong., 2d Sess. 17-18 (1972), reprinted in (1972) U.S.Code Cong. & Ad.News 2137, 2182." See also, Spirt v. Teachers Insurance and Annuity Association, 93 F.R.D. 627 (SD NY, 1982).

From this explanation, the Court concludes that the conferees had two principles firmly in mind when they wrote 42 U.S.C. s 2000e-5(f)(1): (1) in order to commence a private Title VII civil action as a "person aggrieved," the prospective plaintiff must, inter alia, first have filed a charge with the EEOC; and (2) the term "person aggrieved" has an identical meaning in reference to both the persons entitled to commence a private civil action under Title VII and the persons entitled to intervene in an EEOC-filed civil action under Title VII. A third principle inevitably flows from these two: in order to intervene in an EEOC-filed Title VII civil action as a "person aggrieved," the prospective intervenor must, inter alia, have filed the charge with the EEOC that prompted the action.

On the basis of a consideration of just the language and legislative history of the statute, then, the Court would be inclined to hold that the right of intervention provided in 42 U.S.C. s 2000e-5(f)(1) may only be invoked by a person (1) who has an interest in the action sufficient to establish standing under article III of the United States Constitution, and (2) who filed the charge that prompted the EEOC to commence the action in which intervention is sought. However, the Court notes that, under existing case law, a private person having article III standing will be permitted to commence a private Title VII action as a "person aggrieved" within the meaning of 42 U.S.C. s 2000e-5(f)(1) if (1) the plaintiff previously filed a charge with the EEOC, or (2) some other private person previously filed an EEOC charge "so similar (to the claim stated in the plaintiff's complaint) that no conciliatory purpose would (have been) served" if the plaintiff had also filed a charge with the EEOC. Foster v. Gueory, 655 F.2d 1319, 1322 (D.C.Cir.1981). That is, if the plaintiff has article III standing, but has not previously filed an EEOC charge, he or she will still be a proper Title VII plaintiff as long as someone else has previously filed an EEOC charge "nearly identical" to the claim set forth in the plaintiff's complaint. Id. at 1323; accord, Crawford v.

United States Steel Corp., 660 F.2d 663, 666 (5th Cir. 1981).

In the view described by the Court, it would be nonsensical for the courts to give the term "person aggrieved," as used in 42 U.S.C. s 2000e-5(f)(1), one meaning for the purpose of determining a person's right to commence a private Title VII action and a second, different meaning in order to determine a person's right to intervene in an EEOC-filed Title VII action. Accordingly, the Court, while attentive to the language and legislative history of the intervention provision contained in 42 U.S.C. s 2000e-5(f)(1),4 holds on the basis of the judicial precedent just discussed that the right of intervention provided in 42 U.S.C. s 2000e-5(f)(1) may only be invoked if (1) the proposed intervenor has an interest in the action sufficient to establish standing under article III of the United States Constitution, and (2) the action was commenced by the EEOC in response to a charge filed either (a) by the proposed intervenor or (b) by another private party having a nearly identical claim to the claim raised by the proposed intervenor. On the basis of the foregoing, Plaintiffs' herein are entitled to intervene in the pending litigation.

**Part II**

Federal Rule 24 (a)(2) states that, upon a timely motion, the court must permit anyone to intervene in an action who 1) claims an interest relating to the property or transaction, and 2) is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871 at 843-874 (2d Cir. 1984). The interest at issue must be "direct, substantial, and legally protectable." Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990). Intervention as of right is appropriate where the applicant has a right to maintain a claim for the relief sought in the case. In re Penn Cent. Commercial Paper Litigation, 62 F.R.D. 341, 346 (S.D.N.Y. 1996), citing Solien v. Miscellaneous Drivers & Helpers Union, 440 F.2d 124, 132

(8th Cir. 1971), cert. denied, 403 U.S. 905, 91 S. Ct. 2206, 29 L. Ed. 2d 680 (1971), In United States v. 936.71 Acres of Land, 418 F.2d 551 (5th Cir. 1969). "[T]he burden to demonstrate inadequacy of representation is generally speaking 'minimal.'" Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179 (2d Cir. 2001), quoting Trbovich v. UMW, 404 U.S. 528, 538 n.10 (1972).

Rule 24(a)(2). Rule 24(a)(2), Fed.R.Civ.P., provides that "(u)pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Thus, Rule 24(a)(2) sets forth a four-part test for intervention as of right. Under this test, an applicant for intervention must be permitted to intervene in an action if (1) the application was made in timely fashion, (2) the applicant claims an interest relating to the property or transaction that is the subject of the action, (3) the applicant is so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties. Foster v. Gueory, supra, 655 F.2d at 1324-25; United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978); Weisman v. Darneille, 89 F.R.D. 47, 50 (S.D.N.Y.1980).

There can be little doubt that the first three prongs of this test are satisfied with respect to each of the applicants to intervene in the Instant action. First, their applications for intervention were, for the reasons set forth above, made in a timely fashion. Second, since the alleged conduct challenged by the EEOC's complaint in the instant action directly impacts the damages to which they may be entitled to under multiple causes of action against the various defendants for the same conduct and behavior alleged in the EEOC complaint, the movants claim a sufficient Rule 24(a)(2) interest relating to the transactions that are the subject of the Instant action. See New York Public

Interest Research Group, Inc. v. Regents of the University of the State of New York, 516 F.2d 350, 352 (2d Cir. 1975) (per curiam) (association has requisite interest for purposes of Rule 24(a)(2) if some of its members have the requisite Rule 24(a)(2) interest and association exists to protect that interest); In re Penn Central Commercial Paper Litigation, *supra*, 62 F.R.D. at 346 (interest that is significant, directly affected by challenged conduct, and legally protectable is sufficient to satisfy this portion of Rule 24(a)(2)).

Third, since the Court's adjudication of the instant action could have a stare decisis effect that would negatively impact on the movants' hopes for success in other litigations involving Steve Aaron and the other defendants, there can be no doubt that the movants are so situated that the Court's disposition of the matter before us  may impair or impede their ability to protect the interest described above. Foster v. Gueory, *supra*, 655 F.2d at 1325; New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York, *supra*, 516 F.2d at 352 (both holding that possible stare decisis effect of court's decision creates sufficient threat of "impairment" of applicant's interest to satisfy this portion of Rule 24(a)(2)).

The difficult question with respect to Rule 24(a)(2) is whether the fourth prong of the test set forth above has been satisfied. The determination whether the applicant's interest is adequately represented by existing parties is a decision within the sound discretion of the trial court. Rios v. Enterprise Association Steamfitters Local 638, 520 F.2d 352, 355 (2d Cir. 1975). Generally, this prong of the Rule 24(a)(2) test imposes only a "minimal" burden on the applicant for intervention, see Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10, 30 L.Ed.2d 686 (1972), under which the movant is merely required to show that the representation afforded its interest by existing parties "may be" inadequate. United States Postal Service v. Brennan, *supra*, 579 F.2d at 191.

The EEOC is charged by law with representing the public interest in the Instant action, and not necessarily the interests of the movants. On this basis, the movants firmly believe that they

should make the above-described "minimal" showing of inadequacy of representation in order to satisfy their burden on this point. Typically, the Courts agrees with the movants. "(U)nder the procedural structure created by the (Equal Employment Opportunity Act of 1972, supra), the EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties...." Occidental Life Insurance Co. v. EEOC, 432 U.S. 355, 368, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977). Rather, "(w)hen the EEOC acts, ... it acts also to vindicate the public interest in preventing employment discrimination." General Telephone Co. v. EEOC, 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980). "In achieving the broad social and economic objectives of (Title VII), the (EEOC) may be more concerned with future compliance with (Title VII) by employers than with redressing employee grievances that have accrued already." McClain v. Wagner Electric Corp., 550 F.2d 1115, 1121-22 (8th Cir. 1977). Thus, when it files an enforcement action, "the EEOC is not merely a proxy for the victims of discrimination." General Telephone Co. v. EEOC, supra, 446 U.S. at 326, 100 S.Ct. at 1704. The EEOC cannot, therefore, be regarded as charged by law with representing the interests of the applicants for intervention in the Instant action; accordingly, these applicants need only make the customarily required "minimal" showing of inadequate representation. On the basis of the foregoing, Plaintiffs' herein are entitled to intervene in the pending litigation.

**Part III**

Federal Rule 24(b)(1)(B) states that the court may permissively permit the intervention of anyone who has a claim or defense that shares with the main action a common question of law or fact. The purpose of intervention, whether of right or permissive, is to enable those satisfying the requirements of Rule 24 to assert their interests in all pending aspects of the lawsuit, within the limitations of purpose imposed at the time of intervention. See Park & Tilford v. Schulte, 160 F.2d 984, 989 n.1 (2d Cir.), Cert. denied, 332 U.S. 761, 68 S. Ct. 64, 92 L. Ed. 347 (1947); In re Raabe, Glissman & Co., 71 F. Supp. 678 (S.D.N.Y.1947). Permissive intervention is within

the court's broad discretion. Diversified Group, Inc. v. Daugerdas, 217 F.R.D. 152, 157 (S.D.N.Y. 2003); see U.S. Postal Service v. Brennan, 579 F.2d 188, 192 (2d Cir. 1978). The court may consider factors that include "'the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986)). It is notable that "[t]he test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria." Mass. Bricklayers and Mason Funds v. Deutsche Alt-A Secs., 273 F.R.D. 363, 365 (E.D.N.Y. 2011). On the basis of the foregoing, Plaintiffs' herein are entitled to intervene in the pending litigation.

## ARGUMENT

Petitioners have brought this petition in a timely fashion. No motions beyond the initial motion seeking a stay have yet been filed, and discovery is still substantially incomplete. The timing of the instant petition will not prejudice any claim or defense asserted in the instant matter.

Petitioners have demonstrated an interest relating to the "property or transaction which is the subject matter of this case"- namely, the claims on behalf of each of the Plaintiffs against Steven Aaron and the companies identified in the instant action, the individual complaints and the potential outcome and result of the pending litigation.. As a matter of law, Petitioners are entitled to pursue their claims under Title VII in this Court. Such a statutory grant is direct, substantial, and legally protectable. Indeed, Petitioners assert they are the primary parties at interest in the instant matter and are legally entitled to assert their individual claims at issue in the instant case.

Petitioners have demonstrated that their interest relating to this claim may be impaired by the disposition of this matter, as the interest is not being adequately protected by the existing parties. Petitioners assert causes of action in their individual complaints that are not included in the action filed by the EEOC and such causes of action are outside the EEC's mandate and scope of representation. Petitioners acknowledge that the causes of action available to Plaintiff in the instant action are similar to those available to Petitioners. However, the exclusion of Petitioners individual and state causes of action from the instant suit will result in the insufficient exploration through discovery of topics germane to their loss- namely, their individual experiences concerning the defendants and the specific personal and pecuniary losses incurred by them as a result of conduct and behavior of the defendants. *See* McKee v. Colt Elecs. Co., 849 F.2d 46, 52 (2d Cir. 1988) (identifying factors governing calculation of pecuniary losses. Petitioners risk being bound by a judgment against all liable Defendants that does not adequately account for their compensable losses. Courts have found a lack of adequacy of representation for facts less than those that exist in the instant matter. *See* United States v. C. M. Lane Lifeboat Co., 25 F. Supp. 410, 411 (E.D.N.Y. 1938).

*See also* Ionian Shipping Co. v. British Law Ins. Co., 426 F.2d 186, 191-192 (2d Cir. 1970) (holding intervention is appropriate where the burden on litigation is "hardly likely to bulk large when compared to the cost and inconvenience" of a second suit, and suggesting an intervenor may be bound by conditions necessary to the efficiency of the suit where appropriate).

As to Petitioners' request pursuant to F.R.C.P. 24, Petitioners assert that their potential claims share with the instant action common questions of law and fact with regard to the liability of the Steve Aaron and the other defendants. It is clear a significant overlap will exist with the parties involved, the facts relating to Mr. Aaron's conduct and behavior and relevant discovery between claims in the instant matter and Petitioners' putative action. As outlined above and in Petitioners' individual complaints, Petitioners have reason to believe and have been advised that by counsel for EEOC that their interests will not be adequately represented or preserved by the

parties and counsel before this Court in the instant matter.

Denial of this petition will prejudice Petitioners, in that they will be barred access to discoverable information directly relevant to their claims in the instant action. They will also be unable to adequately ensure information relating to their particularized damages are explored in discovery.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order granting CAROLE FETBROTH, MICHELLE AMATO, CHRISTINE PHILLIPS, CHRISTINE UNGARO and  EVELYN MOWER's Petition to Intervene, and for any further relief this Court deems just and proper.

Dated: December 10, 2020

Respectfully Submitted,

By: __/s/  David S. Stern_____

                Attorney for Petitioners

David S. Stern
**ELLIOTT, STERN & CALABRESE, LLP**
One East Main Street
Rochester, New York 14614
Tel: (585) 232-4724
Fax: (585) 232-6674
dstern@elliottstern.com
fciardi@frankciardilaw.com

J. Garth Foley, Esq.
 Foley & Assoc., P.C.
30 Wall Street, 8th Fl
New York, New York 10005
Tel: (212) 537-6278
Fax: (212) 943-2300
jgfoley1@yahoo.com