**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                Plaintiff,

   v.                                1:19-CV-810
                                      (LEK/DJS)

BIRCHEZ ASSOCIATES, LLC and
RONDOUT PROPERTIES
MANAGEMENT, LLC

                Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Attorney for Plaintiff<br>33 Whitehall Street<br>5th Floor<br>New York, New York 10004-2112 | JUSTIN MULAIRE, ESQ.<br>SEBASTIAN RICCARDI, ESQ. |
| U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Attorney for Plaintiff<br>John F. Kennedy Federal Building<br>Government Center<br>Room 475<br>Boston, Massachusetts 02203-0506 | KATIE NICOLE LINEHAN, ESQ. |
| JACKSON LEWIS P.C.<br>Attorney for Defendant<br>666 Third Avenue<br>New York, New York 10017 | DIANE WINDHOLZ, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

**MEMORANDUM-DECISION and ORDER**

Plaintiff commenced this action on July 9, 2019 alleging that Defendants violated Title VII by engaging in unlawful employment practices. Dkt. No. 1, Compl. The Complaint alleges that "Defendants operate as an integrated enterprise or single employer by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations." Compl. at ¶ 8. It goes on to allege that Steven Aaron was a top management official for each Defendant and outlines what Plaintiff alleges to have been regular and frequent unwanted sexual conduct toward employees of Defendants. *Id.* at ¶ 16.

Presently pending are Motions by Plaintiff to Amend the Complaint, Dkt. No. 50, and Compel Discovery. Dkt. Nos. 43 & 63.[1] Defendants oppose these applications. Dkt. Nos. 45-47, 54-55, 58, & 69.

**I. MOTION TO AMEND THE COMPLAINT**

During the course of discovery, Plaintiff became aware of the existence of other business entities associated with Defendants and/or Mr. Aaron. *See* Dkt. No. 43-1 at p. 3. In particular, evidence was obtained regarding five properties managed by Defendant Rondout - Birches at Chambers, LP, The Birches at Esopus, LP, The Birches at Saugerties, Birchwood Village, LP, and Chambers Senior Housing, LP. ("the properties"). *See* Dkt. No. 34 at p. 2. Plaintiff sought discovery regarding the

---

[1] The second of these applications, Dkt. No. 63, is a request for a pre-motion conference, but in the interests of judicial economy the Court treats it as a motion to compel.

relationship between Defendants and the properties, including finances, corporate structure, and tax information.  Dkt. Nos. 34-1 & 34-2.  Defendants generally objected to that discovery on the ground that it was not relevant to claims or defenses of the parties.  *See* Dkt. Nos. 34-3 & 34-4.  Plaintiff now seeks to amend the Complaint to add the properties and a newly created company, Over C Management, which has taken over managing the properties from Defendant Rondout, as Defendants.  Dkt. No. 50-3 Prop. Am. Compl.

### A. Legal Standard

FED. R. CIV. P. 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires."  *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)).  "In the case of proposed amendments where new defendants are to be added, the Court must also look to Rules 20 and 21 of the Federal Rules of Civil Procedure."  *Zielinski v. Annucci*, 2019 WL 2870337, at *6 (N.D.N.Y. Mar. 19, 2019), *report and recommendation adopted*, 2019 WL 2869608 (N.D.N.Y. July 3, 2019).  District courts are vested with broad discretion in considering motions for leave to amend the pleadings.  *See Local 802,*

*Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

### B. Analysis

Defendants argue that leave to amend should be denied primarily on the ground that the proposed amendment would be futile. Dkt. No. 54 at pp. 3-10. They also appear to allege, however, that the Motion is made in bad faith. *See id.* at p. 10. For the reasons that follow, the Motion is granted.

With respect to futility, the parties focus on the applicability of the integrated enterprise doctrine which "holds multiple legally distinct entities liable as a single employer when the entities are a single integrated enterprise, as in the case of 'parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management.'" *Morales v. Anyelisa Rest. Corp.*, 2019 WL 3430106, at *2 (S.D.N.Y. July 30, 2019) (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)); Dkt. Nos. 50-1 at pp. 8-9 & 54 at pp. 3-6. A proposed amendment is futile if the proposed claim could not withstand a FED. R. CIV. P. 12(b)(6) motion to dismiss. *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "The party opposing the motion to amend bears the burden of establishing that an amendment would be prejudicial or futile." *Speedfit LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015) (citation omitted). For purposes of this futility analysis, the allegations in a proposed amended pleading must be accepted as true. *Yennard v.*

*Herkimer BOCES*, 2017 WL 11317860, at *2 (N.D.N.Y. June 30, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The integrated enterprise doctrine involves a "fact-specific inquiry." *Grant v. HER Imports NY, LLC*, 2018 WL 3133454, at *11 (E.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1686103 (E.D.N.Y. Mar. 31, 2018); *see also Porter v. MooreGroup Corp.*, 2020 WL 32434, at *13 (E.D.N.Y. Jan. 2, 2020); *Li v. Ichiro Sushi, Inc.*, 2016 WL 1271068, at *6 (S.D.N.Y. Mar. 29, 2016). The Second Circuit has held that "[w]hether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (citing cases). Plaintiff's Proposed Amended Complaint clearly and specifically alleges that the properties are part of an integrated enterprise with Defendants. Prop. Am. Compl. at ¶ 15. Defendants dispute these factual allegations and the parties offer vastly differing views as to whether the doctrine applies to the facts of this case. Dkt. Nos. 50-1 at pp. 8-9 & 54 at pp. 3-6. Given the fact-bound nature of the issue and the lack of discovery on the question, however, it is far from clear that a motion to dismiss the properties from the action would be successful. *See Brown v. Daikin Am. Inc.*, 756 F.3d at 226. Whatever the ultimate merits of the parties' positions regarding the applicability of the doctrine, as to which the Court expresses no view here, it is not clear as a matter of law that permitting amendment now would be futile. Defendants, therefore, have not carried their burden of establishing the futility of the amendment.

The same is true of Defendants' contention that it would be futile to add Over C Corporation as a Defendant because Plaintiff cannot establish successor liability with respect to Over C. Dkt. No. 54 at pp. 8-11. Defendants are correct in identifying the substantial continuity test as at least one legal standard for determining successor liability. *See Gallo v. Wonderly Co.*, 2014 WL 36628, at *10 (N.D.N.Y. Jan. 6, 2014).

> Under the substantial continuity test, courts are guided by three factors: "(1) whether the successor had notice of the claim prior to the acquisition; (2) whether the successor substantially continued the business operations of its predecessor following the acquisition; and (3) whether the predecessor is able to provide the relief sought."

*Crosby v. McDonald's of Guilderland, LLC*, 2018 WL 2077884, at *7 (N.D.N.Y. May 2, 2018) (quoting *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 518 F. Supp. 2d 505, 512)) (W.D.N.Y. 2007). No one of these factors is controlling. *Gallo v. Wonderly Co.*, 2014 WL 36628, at *12. On this record, particularly given the lack of discovery related to the properties and Over C, the Court finds that it is not clearly frivolous for Plaintiff to have alleged successor liability in this case. *See Bish v. Aquarion Servs. Co.*, 289 F. Supp. 2d 134, 144 (D. Conn. 2003) (describing determining successor's scope of liability under substantial continuity test in another context as "a fact-intensive endeavor").

Defendants have separately alleged that the medical condition of Mr. Aaron makes the motion to amend futile. *See* Dkt. No. 58. The Court disagrees. Mr. Aaron is not individually named as a Defendant here. Whatever his current health status may be, the corporate entities who are (or are sought to be added as) Defendants remain in

6

existence and presumably have one or more individuals managing them.  Mr. Aaron's health, therefore, is not relevant to the present Motion.[2]

Nor does the record establish that Plaintiff acted in bad faith in seeking to amend. Prior to this Motion, Plaintiff sought through discovery to obtain information that would illuminate the relationship between Defendants and the properties and Over C.  This information was reasonably calculated to determine the nature of the relationship, if any, between Defendants and the properties.  *See generally* Dkt. Nos. 34-1 & 34-2. Defendants' assertion that this was irrelevant is belied by the fact that the Birchez website listed it as "the owner-manager" of the properties.  Dkt. No. 43-3.[3]  Moreover, Defendants' own submissions on these Motions have inconsistently represented the relationship between Defendants and the properties.  *Compare* Dkt. No. 45 at p. 8 ("Birchez does not own the properties managed by Rondout") *with* Dkt. No. 54 at p. 7 ("Rondout simply manages the properties owned by Birchez Associates and the Limited Partnerships").  Only after Defendants' refusal to provide this information and in the face of a deadline for doing so did Plaintiff seek leave to amend.  Far from bad faith, this timeline demonstrates that Plaintiff pursued a reasonable course before seeking leave to amend.

---

[2] The related request to review Mr. Aaron's medical records *in camera*, Dkt. No. 51, is therefore, denied as unnecessary.

[3] The website does not specifically list the properties by name, but there does not appear to be any dispute as to the nature of the website's reference.

For these reasons, the Motion to Amend the Complaint is granted. Plaintiff shall file the Amended Complaint with the Clerk within ten (10) days of this Order. Plaintiff shall then serve the Amended Complaint and Defendants shall respond consistent with the Federal Rules of Civil Procedure.

## II. MOTIONS TO COMPEL DISCOVERY

### *A. Legal Standard*

The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure. That Rule has been amended, on several occasions, to reflect evolving judgments as to the proper scope of discovery, and to create a balance between the need for evidence and the avoidance of undue burden or expense. *Hyatt v. Rock*, 2016 WL 6820378, at *2 (N.D.N.Y. Nov. 18, 2016). To be discoverable within the scope of FED. R. CIV. P. 26, information that is relevant to a party's claim or defense must also be

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### *B. Analysis*

The first of the two discovery issues presented here, the scope of available discovery "necessary to establish that the Defendants should be treated as a single employer because they form an integrated enterprise," Dkt. No. 43-1 at p. 2, is easily resolved in light of the decision on the Motion to Amend. Plaintiff sought discovery about business organization, as well as banking, credit, and tax information in order to

determine what entities may be liable for the alleged discrimination. Dkt. No. 34 at pp. 2-3. Defendants objected to this disclosure on the ground that it was not relevant to the claims or defenses in the case. Dkt. Nos. 34-3 & 34-4. Plaintiff makes a legitimate argument that it was entitled to that information as a way to determine the appropriateness of adding the properties as parties prior making the Motion. In light of Court's disposition of the Motion to Amend and Defendants' clear position that the properties are not a part of an integrated enterprise it is quite clear that some of the information sought is clearly relevant to the claims and defenses presented here. Other requests proffered by Plaintiff, however, are overly broad.

Requests by Plaintiff for information concerning Defendants' business organization and legal structure, properties owned, and their access to offices owned or shared by related entities are clearly relevant to the claim by Plaintiff that Defendants were an integrated enterprise and to the defense that they were not. The Motion to Compel, therefore, is granted as to Requests for Production 24, 26, 27, and 44 and Interrogatory 8.

In seeking financial, bank, and credit information, however, Plaintiff has posed exceedingly broad requests for information. Plaintiff, for example, seeks documents showing "all distributions of money or other assets to each member or shareholder of Defendant." Dkt. No. 34-3 at p. 5. Plaintiff also seeks "all payments made to - or received from - the owners of the properties managed by Defendant." *Id.* at. p. 9. These requests are overly broad for purposes of simply identifying entities that may function

as an integrated enterprise. As a result, Plaintiff fails "to provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case." *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 2009 WL 3757054, at *2 (E.D.N.Y. Nov. 9, 2009). Moreover, these requests would produce a significant burden on Defendants that is not proportional to the need identified. The Motion to Compel is denied with request to Requests for Production 25, 28, 40, 41, and 42 and Interrogatories 10 and 11.

Finally, production request 43 sought "all federal, state, and local tax returns filed during the relevant period." Dkt. No. 43. "Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Carmody v. Village of Rockville Centre*, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007). As a result, this Court has required two things prior to ordering disclosure of tax returns: the party seeking disclosure must establish that the returns are relevant to the subject matter of the action and "there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Kemp v. CSX Transportation*, 2020 WL 8461515, at *2 (N.D.N.Y. Oct. 23, 2020) (quoting *Carmody v. Village of Rockville Centre*, 2007 WL 2042807, at *2). Here, Plaintiff fails to establish the relevance and compelling need for this disclosure at this time.

Plaintiff's remaining discovery request seeks to compel disclosure of "[a]ll records of any payments to any internet service provider, webhosting service, webpage design firm, or any other unexplained expenditure that may be payment for the maintenance of the www.birchez.com website." Dkt. No. 63 at p. 1. Plaintiff contends that this information is relevant because it might lead to evidence regarding "whether Birchez is part of an integrated enterprise." *Id.* at p. 3. Defendants oppose disclosure of this information. Dkt. No. 69. In light of the Court's rulings above, the Court denies the Motion to Compel a response to this demand at this time. The Court's order directing Defendants to provide much more specific information about the nature of the business relationship between Defendants and the soon to be added parties seems to the Court to be a more efficient and direct way to develop proportionally relevant evidence regarding the existence of an integrated enterprise.

The Motions to Compel, therefore are granted in part and denied in part. Defendants shall provide responses directed above within thirty (30) days of this Order.

### III. CONCLUSION

**ORDERED**, that the Motion to Amend (Dkt. No. 50) is **GRANTED** and Plaintiff shall file its Amended Complaint with the Clerk within ten (10) days of this Order; and it is further

**ORDERED**, that the Motions to Compel Discovery (Dkt. Nos. 43 & 63) are **GRANTED IN PART** and **DENIED IN PART** and Defendants shall provide the discovery required by this Order within thirty (30) days of this Order; and is further

**ORDERED**, that the deadline for completion of discovery in this case is reset for August 31, 2021 and the deadline for the filing of dispositive motions is reset for October 29, 2021.

**IT IS SO ORDERED**.

Dated: March 24, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge