**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                Plaintiff,

   v.                                   1:19-CV-810
                                               (LEK/DJS)

BIRCHEZ ASSOCIATES, LLC and
RONDOUT PROPERTIES
MANAGEMENT, LLC,

                Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Attorney for Plaintiff<br>33 Whitehall Street<br>5th Floor<br>New York, New York 10004-2112 | JUSTIN MULAIRE, ESQ.<br>SEBASTIAN RICCARDI, ESQ. |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Attorney for Plaintiff<br>John F. Kennedy Federal Building<br>Government Center<br>Room 475<br>Boston, Massachusetts 02203-0506 | KATIE NICOLE LINEHAN, ESQ. |
| JACKSON LEWIS P.C.<br>Attorney for Defendant<br>666 Third Avenue<br>New York, New York 10017 | DIANE WINDHOLZ, ESQ. |

ELLIOTT, STERN & CALABRESE, LLP          DAVID S. STERN, ESQ.
Attorney for Proposed Intervenors
One East Main Street
Rochester, New York 14614

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER[1]

Plaintiff commenced this action on July 9, 2019 alleging that Defendants had violated Title VII by engaging in unlawful employment practices. Dkt. No. 1, Compl. The Complaint alleges regular and frequent unwanted sexual conduct toward employees of Defendants. *Id.* at ¶ 16.[2] It alleges this conduct created a hostile work environment in violation of Title VII. *Id.* at ¶¶ 16-18. The Complaint specifically identifies three individuals, Carol Fetbroth, Christine Phillips, and Michelle Amato as aggrieved individuals who were subjected to the alleged harassment. *Id.* at ¶¶ 17(g) & 18. Those three individuals are now joined by two others, Christine Ungaro and Evelyn Mower, in moving to intervene in this action. Their Motion alleges that as employees of Defendants they were individually subjected to discrimination, harassment, and retaliation. Dkt. No. 59. Defendants oppose the Motion to Intervene, Dkt. Nos. 65-66, while Plaintiff takes no formal position on the Motion. Dkt. No. 67.

---

[1] This matter is properly addressed through a Report-Recommendation, rather than a Decision. *See New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 996 F.2d 21, 22 (2d Cir. 1993).

[2] The Court has granted Plaintiff leave to amend to add additional Defendants, but the amendment does not alter the substance of the allegations against Defendants. Dkt. No. 70.

The Proposed Intervenor Complaints are similar in nature and seek to assert claims for unlawful discrimination and retaliation under Title VII and New York State law, as well as state law claims for tortious interference with contract and intentional infliction of emotional distress. Dkt. Nos. 59-1-59-5. Ms. Fetbroth additionally asserts a claim for defamation *per se*, slander, and libel. Dkt. No. 59-1. The Intervenors seek ten million dollars in compensatory damages for each cause of action as well as ten million dollars in punitive damages. Dkt. Nos. 59-1 through 59-5.

For the reasons which follow, it is recommended that the Motion to intervene be denied.

## I. MOTION TO INTERVENE BY INDIVIDUAL PARTIES

Intervention under Rule 24, whether as of right or by permission, requires a timely motion. FED. R. CIV. P. 24(a) (intervention as of right required "[o]n timely motion"); FED. R. CIV. P. 24(b)(1) (permitting intervention "[o]n timely motion"); *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) ("Under both relevant provisions of Rule 24, the threshold inquiry is whether the application for intervention is timely.").

In the context of intervention the Second Circuit has explained that

> the timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion. It defies precise definition, although it certainly is not confined strictly to chronology. Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the

applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness.

*Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014) (internal citations, quotations and alterations omitted); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006). Applying these factors, the Court recommends that the Motion to Intervene be denied as untimely.

### A. Delay in Making this Application

This Motion was filed January 14, 2021, Dkt. No. 59, just over a year and a half after this action was filed. Dkt. No. 1. No explanation is given for this delay in seeking to intervene in the action. An unexplained delay of such a substantial period of time weighs against finding the Motion timely. Delays of similar lengths have been found too long to permit intervention. *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 233 (2d Cir. 1996) (motion untimely when made 18 months after notice of claims); *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. at 135 (motion untimely when made 16 to 18 months after notice of lawsuit) (citing cases). Indeed, much shorter delays have been found to render intervention motions untimely. *See, e.g.*, *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d at 390-91 (delay of three to five months was untimely); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198-99 (2d Cir. 2000) (delay of eight months was untimely).

The intervenors argue in wholly conclusory fashion that their Motion is timely and would not prejudice the parties based on their understanding of the status of the

4

case. Dkt. No. 59 at p. 10.  This case, however, has been ongoing for a lengthy period of time and has involved extensive litigation of pre-trial issues.  All pending motions have been resolved and a schedule has now been set for completion of discovery and dispositive motion practice.  Dkt. No. 70 at p. 12.  The Proposed Intervenors' conclusory assertions to the contrary, therefore, are not a basis for finding the Motions timely given the significant delay in bringing this Motion.

## B. Prejudice to the Parties

The Court must also consider the prejudice, if any, that permitting intervention would cause the existing parties and that intervenors would suffer if intervention is denied.  *Ellis v. Appleton Papers, Inc.*, 2006 WL 984693, at *2 (N.D.N.Y. Apr. 14, 2006) (relevant factors include "prejudice to existing parties resulting from any delay; and prejudice to the applicant if the motion is denied.").  Here, the scope of the proposed intervenors' claims would significantly broaden the parties and claims in this action.  Intervenors seek to add six individual defendants and over a dozen new corporate defendants.  *See*, *e.g.*, Dkt. No. 59-1.  As noted above, they also seek to add new state law claims that do not directly track the claims presently at issue.  *See id.*

Permitting these new claims and parties would substantially broaden this litigation.  It is likely that permitting intervention would result in motion practice regarding the appropriateness of permitting intervention[3] which would necessarily delay

---

[3] As just one example, the proposed intervenors seek to add claims for intentional infliction of emotional distress. Dkt. Nos. 59-1 through 59-5.  Such a claim is governed by a one year statute of limitations.  *Carter v. Broome Cty.*, 394 F. Supp. 3d 228, 249 (N.D.N.Y. 2019).  Given that several of the intervenors alleged that they worked

5

discovery in this litigation. Such an expansion of the case would inevitably delay a speedy resolution and "would constitute substantial prejudice to defendants, who have a legitimate interest in the expeditious resolution of claims that have been pending against" them. *Hnot v. Willis Grp. Holdings Ltd.*, 2006 WL 3476746, at *5 (S.D.N.Y. Nov. 30, 2006); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 315 F.R.D. 169, 174 (S.D.N.Y. 2016) (finding prejudice to original parties and denying Rule 24(b) motion where intervention would require expanding discovery and further delay case); *Compagnie Noga D'Importation Et D'Exportation S.A. v. Russian Fed'n*, 2005 WL 1690537, at *6 (S.D.N.Y. July 20, 2005) (denying intervention where intervenor's involvement would "substantially delay a litigation that already bears a protracted history"). This litigation is narrow and specific in scope. The expansion proposed by the intervenors would "radically alter that scope to create a much different suit." *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). Under those circumstances the Court has discretion to deny intervention. *Id.*

Intervenors have not established prejudice if intervention were denied. Plaintiff has specifically identified each Intervenor as an individual aggrieved by the alleged conduct and is specifically seeking damages on their behalf. Dkt. No. 68-6 at p. 6. Nor

---

for Defendants two or more years ago, *see*, *e.g.*, Dkt. No. 59-1 (Fetbroth worked for defendants in late 2018); Dkt. No. 59-3 (Ungaro worked for Defendants in early 2019), a motion to dismiss based on the expiration of the statute of limitations would be likely.

have Intervenors suggested or established that some other bar exists to them pursuing any other timely claims they may have in an appropriate legal forum.

Finally, while the parties to this case disagree about how far settlement negotiations have advanced, all parties have stressed an interest in resolving this matter via settlement, which would presumably inure to the benefit of the intervenors, but would certainly be further delayed by permitting intervention.

### C. Absence of Special Circumstances Justifying Intervention

The final relevant factor to consider in addressing the timeliness of this motion is the presence of "any unusual circumstances militating for or against a finding of timeliness." *Ley v. Novelis Corp.*, 2014 WL 3735720, at *2 (N.D.N.Y. July 29, 2014). Intervenors, as noted above, contend that the Motion is clearly timely and thus do not suggest the presence of any unusual circumstance that would support their claim of timeliness here.  A review of the intervenor complaints demonstrates that the claims presented there are fairly straightforward and it is not clear that any special circumstances prevented Intervenors from more timely presenting these claims.

### II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Motion to Intervene be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED**.

Dated: March 24, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).