UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                              Plaintiff,

   -against-                                        1:19-CV-0810 (LEK/DJS)

BIRCHEZ ASSOCIATES, LLC, *et al.*,

                              Defendants.

## <u>DECISION AND ORDER</u>

**I.    INTRODUCTION**

This case comes to the Court on objections filed by Carole Fetbroth, Michelle Amato, Christine Phillips, Christine Ungaro and Evelyn Mower ("Intervenor-Plaintiffs") to a Report-Recommendation issued by the Honorable Daniel J. Stewart, United States Magistrate Judge, denying Intervenor-Plaintiffs' motion to intervene. Dkt. Nos. 59 ("Motion"), 71 ("Report-Recommendation"), 74 ("Objections"). Defendants filed a response. Dkt. No. 77 ("Response").

For the reasons discussed below, the Court adopts the Report-Recommendation in its entirety.

**II.    BACKGROUND**

    **A.  Factual History**

Plaintiff's factual allegations are detailed in Judge Stewart's Report-Recommendation, familiarity with which is assumed. <u>See</u> R. & R. at 2–3.

    **B.  Procedural History**

*1. Complaint and Motion*

On July 9, 2019, the U.S. Equal Employment Opportunity Commission filed the complaint against: Birchez Associates, LLC; Rondout Properties Management, LLC; Over C Management Corporation; Chambers Senior Housing, LP; The Birches at Saugerties, LP; Birchwood Village, LP; and Birchus of Esopus Senior Housing, LP. See Docket; see also Dkt. No. 1 ("Complaint"). Defendants filed a motion to stay the proceedings on August 16, 2019. Dkt. No. 12. Judge Stewart ultimately denied Defendants' motion on March 18, 2020. Dkt. No. 22. On January 14, 2021, Intervenor-Plaintiffs moved to intervene in this action. Motion. While Defendants opposed the Motion, Plaintiff did not take a position on whether the Motion should be granted. Dkt. Nos. 65–67.

*2. Report-Recommendation*

Judge Stewart issued the Report-Recommendation recommending denial of Intervenor-Plaintiffs' Motion on March 24, 2021. See Docket. Intervenor-Plaintiffs objected on April 7, 2021. See id. Defendants filed their Response on April 20, 2021. See id.

**III.   LEGAL STANDARD**

**A.   Review of a Report-Recommendation**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration

of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (internal quotation marks and citation omitted); see also Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Motion to Intervene

Federal Rule of Civil Procedure 24(a)(2) allows a proposed intervenor to intervene as of right. Fed. R. Civ. P. 24(a)(2). Rule 24(b) governs permissive intervention and states: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

The Second Circuit has explained that before a court grants "intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show

that the interest is not protected adequately by the parties to the action.'" Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoting "R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir. 2006)). The Second Circuit has "underscored that a '[f]ailure to satisfy any one of these four requirements is a sufficient ground to deny the application.'" Id. (quoting "R" Best Produce, 467 F.3d at 241).

Furthermore, the Second Circuit has discussed the timeliness of a motion to intervene:

> We have explained that [t]he timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion. It defies precise definition, although it certainly is not confined strictly to chronology. Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness.

Id. at 1058. (internal citations and quotations omitted).

### IV.  DISCUSSION

#### A. Standard of Review

In the Objections, as in the Motion, Intervenor-Plaintiffs argue that the Motion is timely and should be granted.

Because the Objections restate arguments presented to the magistrate judge, the Court reviews the Report-Recommendation only for clear error. See Barnes, 2013 WL 1121353, at *1.

#### B. Timeliness of the Motion to Intervene

The Court finds no clear error in the magistrate judge's determination that Intervenor-Plaintiffs' Motion should be denied as untimely. Even if the Court applies a de novo standard of

4

review, the Motion is still untimely. At the outset, the Court notes that Intervenor-Plaintiffs discussed the timeliness requirement in a short paragraph in the Motion:

> Petitioners have brought this petition in a timely fashion. No motions beyond the initial motion seeking a stay have yet been filed, and discovery is still substantially incomplete. The timing of the instant petition will not prejudice any claim or defense asserted in the instant matter.

Mot. at 10.

### 1. Delay Before Making the Motion

"In most instances, a motion to intervene based on a claim that was known, but not acted upon, for a period of years would be untimely." Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, 262 F.R.D. 348, 353 (S.D.N.Y. 2009); see also Kamdem-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 135 (S.D.N.Y. 2016) (collecting cases where delays of at least twelve months were found untimely). Courts consider whether "a proposed intervenor . . . has a reasonable explanation for its prolonged delay in seeking intervention." Aristocrat Leisure Ltd., 262 F.R.D. at 353. Here, Intervenor-Plaintiffs filed their Motion a year and half after the Complaint, when they knew or should have known of their interest before making the Motion. See Docket. For the first time, Intervenor-Plaintiffs point to the COVID-19 pandemic and Defendants' motion to stay as potential explanations for their delay. Objs. at 3–4. As Intervenor-Plaintiffs failed to raise these arguments before the magistrate judge, the Court does not have to address these newly

raised arguments.[1] Intervenor-Plaintiffs' lengthy delay in filing the instant motion weighs heavily against a finding of timeliness.

### 2. Prejudice to the Parties

The Court considers the next two factors, the prejudice to the original parties caused by the delay and the resulting prejudice to Intervenor-Plaintiffs if the Motion is denied, to determine whether the Motion is timely. Even if there might not be any prejudice to the original parties caused by the delay, there is also no prejudice to Intervenor-Plaintiffs from denial. In addition to the fact that Plaintiff is already seeking damages for each Intervenor-Plaintiff, Dkt. No. 68-6 at 6, "[n]othing prevents the proposed intervenors, if they be so advised, from vindicating their rights by way of an independent action." United States v. State of N.Y., 99 F.R.D. 130, 134 (N.D.N.Y. 1983); see also Disability Advocs., Inc. v. Paterson, No. 03-CV-3209, 2009 WL 5185807, at *6 (E.D.N.Y. Dec. 23, 2009) ("Moreover, the degree of prejudice is mitigated in this case . . . nothing prevents them from vindicating these interests in another forum.").

### 3. Unusual Circumstances

For the first time in their Objections, Intervenor-Plaintiffs point to the "unusual circumstances," namely "that denial of the Motion would force Petitioners to file a separate

---

[1] Moreover, Intervenor-Plaintiffs' explanation with regards to the motion to stay does not adequately explain why they could not file the present Motion in the period between the initiation of this case in July 2019 and March 2020 when the motion to stay was denied. See Docket. As for the period between March 2020 and January 2021, Intervenor-Plaintiffs' reliance on the COVID-19 pandemic is misplaced. This Court recognizes that "[t]he COVID-19 pandemic has indisputably been deeply tragic and disruptive to many aspects of life and legal practice." Hood v. Cath. Health Sys., Inc., No. 20-CV-673, 2020 WL 8371205, at *7 (W.D.N.Y. Sept. 28, 2020) (internal citations omitted). At the same time, Intervenor-Plaintiffs failed to present specific evidence that the pandemic or the in-person work restrictions actually prevented them from filing the Motion as soon as they were able to.

action, thereby unnecessarily wasting judicial and personal resources of all parties." Objs. at 6. The Court again does not have to address these newly raised arguments as Intervenor-Plaintiffs failed to raise these arguments before the magistrate judge. Even if the argument was raised before, it is not clear how this constitutes unusual circumstances justifying their delay in filing for intervention in the first place.

Therefore, based on the totality of facts in this case, the Court holds that Intervenor-Plaintiffs' Motion to intervene is untimely.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 71) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Intervenor Plaintiffs' motion to intervene (Dkt. No. 59) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 28, 2021
         Albany, New York

Lawrence E. Kahn
U.S. District Judge